1   SEYFARTH SHAW LLP
    Carolyn A. Knox (SBN: 181317)
2   Sarah R.S. Thomas (SBN: 215085)
    Krista L. Mitzel (SBN: 221002)
3   560 Mission Street, Suite 3100
    San Francisco, California 94105
4   Telephone: (415) 397-2823
    Facsimile: (415) 397-8549
5
    Attorneys for Defendant
6   LIFE INSURANCE COMPANY OF NORTH AMERICA

7

8

9                    UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

11   MAILE C. STEWART,                    )   Case No. CIV-F 02-6212 OWW LJO
                                          )
12              Plaintiff,                )   ORDER REGARDING LIFE
                                          )   INSURANCE COMPANY OF NORTH
13         v.                             )   AMERICA'S MOTION FOR SUMMARY
                                          )   JUDGMENT, OR IN THE
14   LIFE INSURANCE COMPANY OF NORTH      )   ALTERNATIVE, PARTIAL SUMMARY
     AMERICA, a Pennsylvania corporation, )   ADJUDICATION
15   CIGNA Corporation, a Delaware Corporation, )
     CONNECTICUT GENERAL                  )
16   CORPORATION, a Connecticut Corporation, )
     WRIGHT & COMPANY, a District of      )
17   Columbia corporation, SPECIAL AGENT'S )
     TRUST FOR INSURANCE, a District of   )
18   Columbia corporation, SPECIAL AGENTS )
     MUTUAL BENEFIT ASSOCIATION, a        )
19   District of Columbia corporation, and DOES 1 )
     through 100, inclusive,              )
20                                        )
                Defendants.               )
21                                        )
                                          )
22   _____ )

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

FILED

2005 MAY -3  A 9: 44

CLERK, US DIST COURT
EASTERN DIST OF CALIF
BY_____
              DEPUTY

1    Defendant Life Insurance Company of North America's ("LINA") motion for summary

2   judgment, or in the alternative, partial summary adjudication came before this Honorable Court

3   on March 29, 2004.

4    Having reviewed LINA's motion for summary judgment, or in the alternative, partial

5   summary adjudication, accompanying memorandum of points and authorities, and declaration of

6   Sandra Townsend, and other supporting papers on file in this action, and having considered the

7   arguments of counsel, and good cause appearing,

8    IT IS HEREBY ORDERED:

9    1.    LINA's motion for summary judgment on Plaintiff's breach of contract claim is

10   DENIED for the reasons set forth below:

11    Under California law, the elements of a claim for breach of contract are: (1) the existence

12   of a contract; (2) Plaintiff's performance or excuse for nonperformance; (3) Defendant's breach;

13   and (4) damages to Plaintiff. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745

14   (2001) (citing 4 Witkin Cal. Procedure (4th ed. 1997), at § 476, p. 570).

15    According to LINA, Special Agents' Trust for Insurance ("SATI") contracted with LINA

16   to provide group insurance benefits to SATI members, such as Plaintiff, provided the member

17   complied with the conditions necessary to keep insurance coverage in force. LINA issued the

18   group insurance policy to SATI. Wright & Co., a third party administrator, performed the

19   administrative duties for SATI and the group insurance policy under an administrative services

20   agreement ("ASA"). LINA's Motion for Summary Judgment ("LINA's Motion") at 12:8-11.

21   Based on the evidence reviewed, the Court finds that a valid contract existed.

22    LINA alleges that "[e]ven assuming *arguendo* that a valid contractual relationship existed

23   between Mr. Stewart and SATI to provide life insurance coverage, Mr. Stewart failed to perform

24   on that contract..." LINA's Opp'n at 12:13-15. Plaintiff and LINA do not dispute that from

25   January 1987 until February 1, 1996 when the premium due from Stewart was paid, Mr. Stewart

26   was a participant in SATI's group life insurance program. *Id.* at 5:3-9. Thereafter, Mr. Stewart

27   allegedly paid his premiums late on three occasions before February 2, 1996. *Id.* at 12 n. 3.

28   LINA alleges that Mr. Stewart did not pay any premiums on or after February 2, 1996.

2

1        Plaintiff concedes failure to perform and pay premiums but maintains that the Stewarts

2  were excused from having to pay premiums when LINA, through its agent Wright and Company,

3  breached the contract "by failing to provide [Mr.] Stewart with a premium due notice or notice of

4  cancellation for the period in question excused Stewart's performance of the contract."

5  Plaintiff's Opp'n to LINA's Motion at 12:10-15 and 16:4-6.

6        The sole issue is whether the Stewarts' breach by failure to pay premiums after February

7  2, 1996 was excused. The critical issues are: (1) whether premium notices were sent to the

8  Stewarts; and (2) whether any legal obligation existed that required such notices to be sent.

9  Neither LINA not its agent Wright & Co. have written evidence that a 1996 billing statement or

10  notice of cancellation of policy coverage was sent to Mr. Stewart or Plaintiff. Whether the

11  Stewarts received either a billing statement or notice of cancellation is a disputed issue of

12  material fact.

13        Plaintiff alleges without citing a statute, rule, regulation or policy provision that

14  "[a]ccording to the ASA, Plaintiff and/or Stewart were entitled to receive[] notice of the

15  premium amount and the due date for such premium prior to providing payment for coverage."

16  *Id.* at 13:22-24. The critical language on which Plaintiff relies to argue that LINA had a duty to

17  send premium statements or any other form of notice to the insured is allegedly found in the

18  "Reporting Requirement" portion of the Administrative Provisions section of the Policy. LINA

19  argues that the language of the policy addresses only administrative requirements between SATI

20  and LINA and does not address any issues related to Mr. Stewart or any other "covered member"

21  or "insured." LINA's Motion at 7:7-10. LINA's interpretation of the policy is consistent with

22  the policy's language.

23        The premium provision does not state that LINA must provide notice to each member

24  insured. There is no written provision in this insurance contract that requires the insurer to notify

25  the individual member insureds when a payment is due. Moreover, this policy is expressly

26  subject to cessation of coverage without notice if the policyholder or the insured fails to pay a

27  premium on the due date after a 31 day grace period has passed. LINA's Reply at 30-31. A

28

1  party cannot breach a nonexistent contract requirement.  Plaintiff misinterprets the language in
2  question regarding LINA's notice obligations.

3       Plaintiff argues in the alternative that LINA was required to provide notice to Plaintiff
4  and/or Mr. Stewart because "it is industry-wide customary practice to send an insured a billing
5  statement."  Plaintiff's Opp'n to LINA's Motion at 13:24-25.  Such an alleged industry-wide
6  custom is not referenced in the terms of the group insurance contract, nor is there any evidence
7  that the parties bargained with reference to an industry-wide "notice" custom.  As a threshold
8  matter, LINA asserts that extrinsic evidence of custom and practice is not admissible to inform
9  the meaning of the group insurance contract, because the contract is fully integrated.  The patrol
10 evidence rule "generally prohibits the introduction of any extrinsic evidence, whether oral or
11 written, to vary, alter or add to terms of an integrated written instrument."  *Hayter Trucking, Inc.*
12 *v. Shell Western E&P, Inc.*, 18 Cal.App.4th 1, 13-14 (1993).

13      Several exceptions to this rule are embodied in California Code of Civil Procedure §
14 1856, which provides: "(c) The terms set forth in a writing described in subdivision (a) may be
15 explained or supplemented by course of dealing or usage of trade or by course of performance."
16 The issue is whether any of the written terms of the group insurance contract "may be explained
17 or supplemented" by evidence of industry custom and practice.

18      Here, the contract lacks any express discussion of how or whether individual insureds
19 would be billed.  Accepting Plaintiff's expert Bennett Bibel's assertions as true for purposes of
20 this motion only, it is the practice of insurance companies to bill individual insureds directly.
21 Supplementing the existing provisions concerning the generation of a premium statement with
22 the requirement that premium statements also be sent to individual insureds does not contradict
23 the express terms of the group insurance contract.  Plaintiff has presented a triable issue of fact as
24 to whether in fact LINA's conduct, through its agent Wright & Co., did or did not conform to
25 industry custom and practice concerning notice to insureds.

26      There is no statutory provision requiring an insurer to provide notice for cancellation of
27 coverage under a life insurance contract, even though such notice is required for other forms of
28 insurance.  *See* Cal. Ins. Code (Division 2, Part 1, Chapter 5) § 10430, *et seq*.  However, Cal. Ins.

4

1 Code § 500 provides that "[w]henever any insurer has, as a regular course of conduct, sent
2 renewal premium notices to an insured, and intends to discontinue that practice, it shall notify
3 such insured of its intention not to send such notices." It is not disputed that premium statements
4 were mailed to the Stewarts regularly prior to 1996 and supports Plaintiff's assertion that it was
5 the insurer's course of conduct, through its agent Wright & Co., to send premium notices to the
6 Stewarts. There is no evidence that any Defendant notified the Stewarts that the practice of
7 sending our premium notices would be discontinued. It remains to be proved whether
8 cancellation of the Stewart's coverage was unlawful. Plaintiff and Mr. Stewart are not excused
9 indefinitely from the responsibility to pay premiums and/or to make timely inquiry as to the
10 status of their insurance coverage under the group plan when premium bills were not received.
11 However, the parties have not addressed the reasonableness of the Stewarts' actions in light of
12 the circumstances of the case and/or industry practice. This creates a triable issue of fact under
13 Insurance Code § 500 and cannot be resolved at this time.

14 Plaintiff alleges that she has been damaged by LINA's breach because she not been able
15 to recover the policy benefits due for life insurance on Mr. Stewart. For the purposes of this
16 motion only, damage to Plaintiff is assumed. Even if Plaintiff suffered damages, to be
17 compensable such harm must have been caused by LINA's breach of the policy. Timely
18 payment of insurance premiums is a material condition of any contract of insurance and the
19 unjustified failure to pay premiums would be a material breach. However, if a trier of fact
20 determines the insurer failed to provide adequate notice of premiums due or notice of policy
21 termination, as well as the cessation of the practice of mailing premium payments, the Stewarts'
22 non-payment might have been excused for some period of time. These issues cannot be resolved
23 on summary judgment.

24 The only issues that remain are (1) whether LINA's failure, through its agent, to send
25 notice of premiums statements was contrary to a custom and practice of the insurance industry;
26 (2) whether LINA established a course of conduct, through its agent, by mailing premium
27 renewal statements to the Stewarts, triggering an obligation to notify the Stewarts that it would
28 discontinue sending such statements; (3) whether LINA, through its agent, actually failed to send

5

1  premiums statements or a notice of discontinuance; (4) whether LINA's alleged failure to send

2  premium notices excused the Stewarts' nonperformance; and (5) whether, under the

3  circumstances, LINA "caused" the damage to Plaintiff or whether the Stewarts' non-payment of

4  premiums constitutes a material breach that excused any counter-performance by LINA.

5       Accordingly, LINA's motion for summary judgment on Plaitniff's breach of contract

6  claim is DENIED.

7       2.     LINA's motion for summary judgment on Plaintiff's breach of covenant of good

8  faith and fair dealing claim is GRANTED for the reasons set forth below:

9       The implied covenant of good faith and fair dealing prohibits a party from injuring the

10 other party's right to receive benefits under the contract. *PPG Indus., Inc. v. Transamerica Ins.*

11 *Co.,* 975 P.2d 652, 655 (Cal. 1999). The Ninth Circuit has said, "[i]n order to establish a breach

12 of the implied covenant of good faith and fair dealing under California law, a plaintiff must

13 show: (1) benefits due under the policy were withheld; and (2) the reason for withholding

14 benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987,

15 992 (9th Cir. 2001) (citing *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 1151 (1990)). "The

16 key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable. Under

17 California law, a bad faith claim can be dismissed on summary judgment if the defendant can

18 show that there was a genuine dispute as to coverage." *Guebara*, 237 F.3d at 992.

19      There is a material dispute how contested lapse rules apply to the unique facts of this

20 case. In this case, a genuine coverage dispute existed in 1999 and there was a more than

21 colorable basis for LINA's denying Mr. Stewart's group coverage continued in force. Mr.

22 Stewart failed to pay his premiums after 1995 and his coverage lapsed under the express terms of

23 the policy. LINA's denial of benefits was not unreasonable in view of the good faith coverage

24 dispute. LINA's conduct does not rise to the level of bad faith as a matter of law. LINA is not

25 liable for a violation of the covenant of good faith and fair dealing for its denial of coverage.

26      3.     LINA's motion for summary judgment on Plaintiff's Business & Professions

27 Code §17200 claim is GRANTED for the reasons set forth below:

28

6

1       Plaintiff only alleges a single act of misconduct against LINA under Business &
2   Professions Code § 17200, arising from its allegedly improper denial of coverage under the
3   group policy in question based on highly fact-specific circumstances.

4       To bring a claim under the California Unfair Competition Law, a plaintiff must show
5   either an (1) "unlawful, unfair, or fraudulent business act or practice," or (2) "unfair, deceptive,
6   untrue, or misleading advertising." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043
7   (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). The California Unfair Competition
8   Law's remedies are " 'cumulative...to the remedies or penalties available under all other laws or
9   this state' (§ 17205), but its sanctions are less severe than those of the Unfair Practices Act.
10  Prevailing plaintiffs are generally limited to injunctive relief and restitution (§ 17203)." *Cel-*
11  *Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 179 (1999)
12  (citing *ABC Int'l Traders, Inc. v. Matsushita Electric Corp.*, 14 Cal.4th 1247, 1268 (1997)).
13  "Plaintiffs may not receive damages, much less treble damages, or attorney fees." *Id.* (citing
14  *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1266 (1992)).

15      Plaintiff relies on *Heighley v. J.C. Penney Life Ins. Co.,* 257 F.Supp.2d 1241, 1259-60
16  (C.D.Cal. 2003), which identifies the essential allegations for a violation of the Unfair Practices
17  Act: (1) Plaintiff's status as an insured or intended beneficiary of an insurance policy; (2) a
18  policy in existence; (3) the insurer's conduct must be an unfair, unlawful, or fraudulent business
19  practice in violation of Bus. & Prof. Code § 17200; (4) Plaintiff has no adequate remedy at law;
20  (5) the request for injunctive relief and/or restitution (monetary damages are not recoverable
21  under the UCA); and (6) a request for attorney's fees.

22      Here, Plaintiff does not claim she has no adequate remedy at law. Her breach of contract
23  claim will provide any benefits she is due. She does not seek injunctive relief for reinstatement
24  of any insurance. Restitution is entirely inconsistent with the primary remedy she seeks, which
25  is payment of the policy benefits in the form of damages. Plaintiff has not offered evidence that
26  she or Mr. Stewart were deceived or misled by anything that LINA did. No Defendant is alleged
27  to have told Mr. Stewart or Plaintiff that they would no longer be required to pay their premiums
28

7

1  in 1996, or that an event had occurred that would absolve them of the responsibility to pay
2  quarterly insurance premiums after 1995.

3       To survive summary judgment under the Business & Professions Code, a Plaintiff must
4  prove that any statements made by LINA are misleading to a reasonable consumer. *Freeman v.*
5  *Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). "Anecdotal evidence alone is insufficient to prove
6  that the public is likely to be misled." *William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258
7  (9th Cir. 1995) (per curiam).

8       Plaintiff does not indicate which "practice" by LINA rises to the level of "unfair,
9  unlawful, or fraudulent." The suggestion of "failure to investigate an insurance claim" is not a §
10 17200 unfair business practice. An unsupported opinion as to an alleged customary practice is
11 insufficient to establish that LINA engaged in any act or practice that could be interpreted as an
12 unfair business practice under § 17200. Even if, *arguendo*, such conduct violated § 17200,
13 money damages are not recoverable for such a violation, only restitution.

14      A breach of insurance contract, in a case where payment of premiums ceased over three
15 years before coverage was claimed, does not rise to the level of unfair, unlawful, or fraudulent
16 conduct. Under § 17200, Plaintiff may only seek relief under the statute if she has no adequate
17 remedy at law. *Cel-Tech*, 20 Cal.4th at 179. The record here is devoid of admissible evidence as
18 to any unfair business practice.

19      4.   LINA's motion for summary adjudication on Plaintiff's claim for punitive
20 damages is GRANTED for the reasons set forth below:

21      Plaintiff cites Cal. Civ. Code § 3294(a) to support her contention that she is entitled to
22 punitive damages. Under the statute, Plaintiff is required to provide evidence that LINA was
23 guilty of "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Plaintiff alleges that Wright
24 & Co. "was well aware of the fact that its compute system and administrative process was
25 flawed" and LINA acted "maliciously and oppressively by ignoring Wright & Co.'s billing
26 errors." Plaintiff's Opp'n to LINA's Motion at 23:19-23; *see* Julian Decl. at Ex. 1. Plaintiff has
27 presented no evidence that LINA had any actual knowledge of any Wright & Co. billing error
28 affecting Mr. Stewart or Plaintiff when it allegedly occurred.

8

1    There is no evidence any breach arose from "oppression, fraud, or malice." The Ninth
2    Circuit recognizes, under California law, that a Plaintiff cannot recover punitive damages for a
3    simple contract. *Slottow v. American Casualty Co.,* 10 F.3d 1355, 1361 (9th Cir. 1993) (citations
4    omitted).

5    5.    LINA's motion for summary judgment on Plaintiff's fraud claim is GRANTED
6    for the reasons set forth below:

7    Plaintiff does not allege the fraud claim against LINA. Plaintiff's Compl. at 13.
8    However, in an abundance of caution, LINA's motion for summary judgment on Plaintiff's fraud
9    claim is GRANTED.

10   6.    LINA's motion for summary judgment on Plaintiff's claim for declaratory relief
11   is GRANTED for the reasons set forth below:

12   Plaintiff seeks declaratory relief as to "respective rights" in order to "find a practical end
13   in quieting or stabilizing [a] ... disputed jural relation." Plaintiff's Opp'n to LINA's Motion at
14   22:14-19. LINA argues that because "Plaintiff is not entitled to recover on any of her above
15   claims, Plaintiff is not entitled to declaratory relief." LINA's Motion at 25:7-9.

16   Plaintiff does not explain how she is entitled to any prospective remedy except money
17   damages for breach of contract, or what future rights or duties of the parties remain to be
18   defined. There is no need for declaratory relief.

19

20   IT IS SO ORDERED.

21   DATED:  __4 – 29 –__  , 2005

22                                              _____
                                                Oliver W. Wagner
23                                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28

9